1
2
3            UNITED STATES DISTRICT COURT
4            EASTERN DISTRICT OF WASHINGTON
5

6   ROBERT A. WAMBOLT, JR.,

7              Plaintiff,                    No. 2:13-CV-070-JTR

8   vs.                                      ORDER GRANTING
                                             DEFENDANT'S MOTION FOR
9                                            SUMMARY JUDGMENT
10  CAROLYN W. COLVIN,
    Commissioner of Social Security,
11

12              Defendant.

13          BEFORE THE COURT are cross-Motions for Summary Judgment.  ECF

14  Nos. 14, 21.  Attorney David L. Lybbert represents Plaintiff; Special Assistant

15  United States Attorney Courtney Garcia represents the Commissioner of Social

16  Security (Defendant). The parties have consented to proceed before a magistrate

17  judge. ECF No. 6. After reviewing the administrative record and the briefs filed by

18  the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and

19  DENIES Plaintiff's Motion for Summary Judgment.

20                        **JURISDICTION**

21          On December 14, 2009,[1] Plaintiff filed a Title II application for a period of

22  disability and disability insurance benefits, along with a Title XVI application for

23  supplemental security income, both alleging disability beginning December 7,

24  2009. Tr. 14; 133.  Plaintiff reported that he could not work due to problems with

25  _____

26          [1]The ALJ order indicates the filing date was December 9, 2009, but the SSA

27  Administration Disability Report indicates the filing date was December 14, 2009.

28  Tr. 14; 133,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 1

his low back and the veins in his right leg.  Tr. 137.  Plaintiff explained that he is in pain when sits, stands, walks and lifts objects.  Tr. 137.  Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 75-116. A hearing was held on October 18, 2011, at which medical expert Richard Allen Hutson, M.D., vocational expert K. Diane Kramer, and Plaintiff, who was represented by counsel, testified. Tr. 35-74. ALJ Marie Palachuk presided. Tr. 35. The ALJ denied benefits on December 7, 2011. Tr. 14-23. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and, thus, they are only briefly summarized here.  At the time of the hearing, Plaintiff was 50 years old, divorced, and living in a house with his fiancé.  Tr. 44; 163.  Plaintiff completed the ninth grade. Tr. 45.

Plaintiff testified he last worked as a certified nursing assistant, which required him to lift, change, shower and clean patients.  Tr. 47.  Plaintiff testified that he has also worked as a security officer, cashier and as a lawn care worker. Tr. 48-49.

Plaintiff testified that he cannot work due to severe pain in his back and shoulder.  Tr. 53.  He said his severe pain lasts "all day long, off and on."  Tr. 54. He also testified that in 2010, he was diagnosed with Diabetes and he uses an inhaler for asthma. Tr. 58-59.  Plaintiff prepares sandwiches and frozen meals, washes dishes, regularly shops for food and clothing, reads books, watches television and visits with friends.  Tr. 163-67.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 16.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin*., 359 F.3d 1190, 1193-94 (2004).   If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 7, 2009. Tr. 16. At step two, the ALJ found Plaintiff suffered from the severe impairments of degenerative disk disease of the lumbar spine, right shoulder impingement with possible partial tear, diabetes and peripheral vascular disease, controlled. Tr. 16.  At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments.  Tr. 17.  The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with a few limitations: he should not lift above shoulder height; he can occasionally balance, stoop, kneel, crouch, crawl, and climb; he should change sit/stand positions every hour for five minutes; and he should avoid concentrated exposure to vibrations, unprotected heights and moving machinery.  Tr. 18.

At step four, the ALJ found that Plaintiff is able to perform past relevant work as a security guard, potato processor and cashier II.  Tr. 22.  The ALJ specified that Plaintiff should not perform cashier work in a mini-mart, because it would likely require more lifting than prescribed by Plaintiff's RFC. Tr. 22. Because Plaintiff could perform his past relevant work, the ALJ found that Plaintiff was not disabled. Tr. 23.

## ISSUES

Plaintiff contends that the ALJ erred: (1) in his credibility determination; (2) in weighing the medical evidence; and (3) in his Step Four determination. ECF No.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1    4 at 8.

2                               **DISCUSSION**

3    **A.    Credibility**

4            Plaintiff argues that the ALJ erred by finding he had little credibility.   ECF

5    No. 14 at 14-16. The ALJ is responsible for determining credibility. *Andrews*, 53

6    F.3d at 1039. Unless affirmative evidence exists indicating that the claimant is

7    malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear

8    and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).   The ALJ's

9    findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903

10   F.2d 1229, 1231 (9th Cir. 1990).  "General findings are insufficient; rather, the

11   ALJ must identify what testimony is not credible and what evidence undermines

12   the claimant's complaints.*"  Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998),

13   quoting *Lester*, 81 F.3d at 834. If objective medical evidence exists of an

14   underlying impairment, the ALJ may not discredit a claimant's testimony as to the

15   severity of symptoms merely because they are unsupported by objective medical

16   evidence.  See *Bunnell v. Sullivan*, 947 F.2d 341, 347-48 (9th Cir. 1991).   First,

17   Plaintiff contends that the medical evidence supports his claimed limitations.   ECF

18   No. 14 at 15.  In finding Plaintiff had little credibility, the ALJ noted that "the

19   objective medical evidence did not support the level of limitation claimed," and,

20   "the claimant's subjective complaints are only partially credible since the medical

21   findings are so minimal for the level of limitations he alleged."  Tr. 21-22.

22   Generally, conflicts between a Plaintiff's testimony of subjective complaints and

23   the objective medical evidence in the record can constitute specific and substantial

24   reasons that undermine credibility. *Morgan,* 169 F.3d at 600. "While subjective

25   pain testimony cannot be rejected on the sole ground that it is not fully

26   corroborated by objective medical evidence, the medical evidence is still a relevant

27   factor in determining the severity of the claimant's pain and its disabling effects."

28   *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); see also *Burch v.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 5

*Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); SSR 96-7p (the ALJ "must consider the entire case record, including the objective medical evidence" in determining credibility, but statements "may not be disregarded solely because they are not substantiated by objective medical evidence").

As the ALJ found, the record does not support the Plaintiff's contention. In this case, Plaintiff testified that his back pain was severe and prevented him from sitting more than thirty minutes at a time and standing more than twenty to thirty minutes at a time. Tr. 64-65. Plaintiff also said his back pain prevented him from walking more than two blocks, and it caused his difficulty with bending at the waist, stooping, crouching, climbing stairs, and shoulder pain prevented him from reaching. Tr. 66-67.

The objective medical evidence revealed only mild impairments. For example, on November 3, 2009, Plaintiff was examined by Jaime Dominguez-Cespedes, M.D., who noted Plaintiff's x-rays revealed mild anterior osteophytosis. Tr. 210. A subsequent x-ray performed on November 6, 2009, revealed Plaintiff had mild degenerative changes in his lower back. Tr. 226-27. The January 19, 2010, x-ray of Plaintiff's shoulder revealed normal soft-tissues and structure. Tr. 244. A subsequent February 15, 2010, x-ray was also normal. Tr. 277. When examined by Kim Nguyen, M.D., on February 15, 2010, Plaintiff showed no noticeable asymmetry or muscle atrophy, swelling, and he had full range of motion above his head in lateral abduction and forward extension. Tr. 275. Dr. Nguyen reviewed the x-rays and concluded Plaintiff's x-rays were "grossly normal." Tr. 275. Similarly, an August 24, 2010, x-ray revealed mild degenerative changes in Plaintiff's lumbrasacral spine. Tr. 348. As a result, contrary to Plaintiff's assertions, the medical evidence does not support Plaintiff's allegations about the severity of his impairment, and the ALJ did not err by finding the objective

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

medical evidence does not support the alleged severity of his limitations.

Plaintiff also argues that the ALJ failed to specify the daily activities that contradicted his allegations. ECF No. 14 at 14-16.  In determining whether the claimant's testimony regarding the severity of the symptoms is credible, the ALJ may consider the claimant's daily activities.  *See, e.g., Fair v. Bowen*, 885 F.2d 597, 602-04 (9th Cir. 1989); *Bunnell*, 947 F.2d at 346-47.  Although Plaintiff makes a general assertion that his "very minimal" daily activities do not provide a clear and convincing reason for discounting credibility, the record supports the ALJ's finding that Plaintiff shops for himself, cooks, bathes, spends time with friends, drives, works outside and exercises, and he can stand for 30 minutes and walk for three blocks before stopping to rest.  Tr. 22; 163-69; 210.

The record also supports the ALJ's observation that at the hearing, Plaintiff testified that he could lift only "a couple of pounds at most," but elsewhere  he asserted he could lift up to 30 pounds. Tr. 22; 54; 168. Contrary to Plaintiff's assertions, the ALJ provided specific activities that contradicted Plaintiff's claims he was completely disabled, and the activities were supported by the record. Plaintiff's contentions that the objective medical evidence supported his pain complaints and his contention that the ALJ failed to specify the daily activities that undercut his pain complaints are without merit.  As a result, the ALJ provided clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility.

**B.     Medical Evidence**

Plaintiff contends that the ALJ erred by rejecting the medical provider opinions from Kim Nguyen, M.D., Jaime Dominguez-Cespedes, M.D., Alan Badgley, PT, and Bob Ebel, PA-C . ECF No. 14 at 9-14.  As a general rule, more weight is to be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Lester*, 81 F.3d at 830.  If the treating physician's opinion is not contradicted, it may be rejected only for "clear and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

convincing" reasons. *Id.* Where the treating physician's opinion is contradicted by another doctor, the ALJ may not reject the opinion without providing "specific and legitimate reasons" supported by substantial evidence. *Id.* An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings. *Batson*, 359 F.3d at 1195.

### 1.    Kim Nguyen, M.D.

Plaintiff asserts the ALJ failed to provide a valid reason for rejecting the opinion from Kim Nguyen, M.D., who indicated that Plaintiff was limited to sedentary work. ECF No. 14 at 10-11. Specifically, Plaintiff complains that substantial medical evidence, including the doctor's own treatment notes, support Dr. Nguyen's opinion that Plaintiff was limited to the sedentary exertion level and, thus, he did not simply rely upon Plaintiff's self-reports. ECF No. 14 at 12.

On April 28, 2010, Dr. Nguyen examined Plaintiff and completed a Progress Note that included a fill-in-the-box form with severity ratings. TR. 294-95. Dr. Nguyen found that Plaintiff's right shoulder impairment, back impairment, and hyperthyroidism would cause moderate restrictions in Plaintiff's work activities, and Plaintiff's Type II Diabetes would cause mild restriction. Tr. 294. Dr. Nguyen opined that Plaintiff was limited to sedentary work level, and he estimated that Plaintiff's condition would last six months. Tr. 295.

Six months later on October 22, 2010, Dr. Nguyen again completed a check-the-box form and this time opined that Plaintiff would be moderately restricted in work activities by his back pain and shoulder impingement and mildly restricted by his hyperthyroidism and Type II Diabetes. Dr. Nguyen concluded Plaintiff's overall work level was sedentary and his limitations could be expected to last for six months. Tr. 310.

The ALJ assigned "very little weight" to the April 2010, opinion from Dr. Nguyen because it contained "few objective findings" and was "inconsistent with his previous and ongoing findings." Tr. 20-21. The ALJ assigned very little

weight to the October 2010, opinion from Dr. Nguyen, in part because the report appeared "largely based upon claimant's self-reported symptoms," the form was a check-the-box form, and contained "very few objective findings." Tr. 21.

An ALJ may properly reject a treating physician's opinion that is conclusory and unsupported by clinical findings, particularly check-the-box style forms. See *Batson*, 359 F.3d at 1195 (ALJ did not err in giving minimal evidentiary weight to the opinions of the plaintiff's treating physician where the opinion was in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of the plaintiff's medical condition, and was based on the plaintiff's subjective descriptions of pain); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly rejected psychological evaluations because they were check-the-box reports that did not contain explanations of the bases of their conclusions). Also, a physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetya v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The record supports the ALJ's reasons for discounting Dr. Nguyen's sedentary assessment. Neither the April nor the October 2010, check-the-box form contains significant notations explaining Dr. Nguyen's observations, ratings or conclusions. Tr. 294; 309. The chart notes from both office visits lack any indication that Dr. Nguyen performed a physical exam, and the notes also lack observations of functional limitations, or evidence the doctor tested Plaintiff's limbs for range of movement, or performed palpitations to determine the location of the pain. Tr. 293-95; 308-11. In the absence of an explanation from Dr. Nguyen regarding the reasoning for a sedentary rating, and in the absence of any apparent examination supporting the rating, the ALJ did not err by giving little weight to Dr. Nguyen's assessment.

Finally, the probative value of Dr. Nguyen's opinion is questionable. Both opinions indicated that Plaintiff's limitations could be expected to last only six

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

months.  Tr. 295; 310.   In order to be deemed disabled, a disability must have "lasted or be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).  As such, the limitations assessed by Dr. Nguyen are not material in determining whether Plaintiff was disabled.  The ALJ did not err in weighing the opinion of Dr. Nguyen.

### 2.    Jaime Dominguez-Cespedes, M.D.

Plaintiff contends that the ALJ erred by rejecting Dr. Dominguez-Cespedes' opinion that Plaintiff could perform less than light work, and was limited to the light-to-sedentary work range.  ECF No. 14 at 12-13.  In November and December 2009, Dr. Dominguez-Cespedes provided Plaintiff with two forms that contained recommendations for limiting Plaintiff's activities.  Tr. 247; 253.  The November 25, 2009, Medical Release from Work or School form indicated Plaintiff was limited to 30 minutes off sitting, standing, and walking.  Plaintiff was not to lift more than 30 pounds total.  Tr. 247.  On December 16, 2009, Dr. Dominguez-Cespedes met with Plaintiff and completed a DSHS Physical Evaluation Form, and produced a typed Progress Note.  Tr. 220-21; 251-54.  The typed note indicated that at that time, Plaintiff worked as a caregiver for patients at a facility.  The note also indicated Plaintiff's work activities should be limited to 30 minutes of sitting and standing, and he should not walk for more than 50 minutes or lift more than 25 pounds, he should allow frequent changes in position, avoid bending and stooping and avoid overhead use of his arms.  Tr. 220.  The handwritten DSHS form indicated the same restrictions, except the restriction for walking was limited to 15 minutes.  Tr. 253.

The ALJ assigned "some weight" to the opinion from Dr. Dominguez-Cespedes.  Tr. 20.  The ALJ noted that a discrepancy existed between the typed chart note indicating Plaintiff was limited to "no more than 50 minutes of walking" and the handwritten DSHS form indicating Plaintiff was limited to 15 minutes of walking.  Tr. 20; 220; 253.  The ALJ indicated that except for the discrepancy, the

remaining opinions appeared consistent with the totality of the record and generally consistent with the residual functional capacity, and thus were given some weight.  Tr. 20.

Plaintiff argues that the ALJ erred by rejecting Dr. Dominguez-Cespedes' opinion that Plaintiff could walk no more than 15 minutes.  ECF No. 14 at 13.  The ALJ's reason that the limitation was contrary to the weight of the record was a valid reason, and was supported by the record.  See, *Batson*, 359 F.3d at 1195 (ALJ properly rejects treating physicians' opinions that are unsupported by the record as a whole).

Plaintiff also argues that the ALJ gave no reason for rejecting Dr. Dominguez-Cespedes' opinions that Plaintiff could not sit or stand for more than thirty minutes, would have to change positions frequently, and should avoid bending or stooping.  ECF No. 14 at 13.  The RFC indicated Plaintiff could perform light work with restrictions on lifting above shoulder height; occasional balancing, stooping, kneeling, crouching, crawling, and climbing; change sit/stand positions every hour for five minutes; and avoid concentrated exposure to vibrations, unprotected heights and moving machinery. Tr. 18.  While the RFC and Dr. Dominguez-Cespedes' findings are not identical, the doctor's limitation areas are generally incorporated into and generally consistent with the RFC. An ALJ's findings need only be consistent with, not identical to, a doctor's assessed limitations. *Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1271, 1223 (9th Cir. 2010).

Finally, the probative value of this opinion in the DSHS form is questionable.  In the December 16, 2009, form, Dr. Dominguez-Cespedes indicated that Plaintiff's limitations could be expected to last 4-6 months.  Tr. 254.  In order to be deemed disabled, a disability must have "lasted or be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 416.905(a).  As such, the limitations assessed by Dr. Dominguez-Cespedes in the December DSHS form are not material in determining whether Plaintiff was disabled.  Thus, the ALJ did

1   not err in weighing the opinion of Dr. Dominguez-Cespedes.

2   **3.    Alan Badgley PT**

3   Plaintiff contends that the ALJ erred by dismissing the opinion of Alan

4   Badgley, that indicated Plaintiff should break up his sitting posture at least every

5   15 to 30 minutes.  ECF No. 14 at 14.   On April 1, 2010, Alan Badgley, PT,

6   entered chart note discharging Plaintiff from physical therapy because he had

7   reached "maximum rehab potential."  Tr. 284.  Mr. Badgely instructed Plaintiff to

8   break up his posture – seated in front of a computer – "as often as possible, at least,

9   every 15 to 30 minutes." Tr. 284.  The RFC reflected that Plaintiff should change

10  a sit/stand positions every hour for five minutes.  Tr. 18.  It is not clear that Mr.

11  Badgley's posture change instruction arises to a functional limitation instead of a

12  recommendation. A recommendation from a medical provider is distinguished

13  from an imperative and thus need not be adopted by the ALJ when an appropriate

14  alternative is available.  *Carmickle v. Comm'r*, SSA, 533 F.3d 1155, 1165 (9th Cir.

15  Or. 2008).  Regardless, the RFC reflected Plaintiff should change his posture at

16  least once per hour and this is reasonably consistent with Mr. Badgley's instruction

17  that Plaintiff change positions every fifteen to thirty minutes.  Because the ALJ

18  incorporated periodic postural changes into Plaintiff's RFC, the failure to

19  specifically adopt Mr. Badgley's recommendation is not error.

20  **4.    Bob Ebel, PA-C**

21  Plaintiff argues that the ALJ failed to give any reasons for rejecting Mr.

22  Ebel's opinion. ECF No. 14 at 14. On October 27, 2011, Mr. Ebel completed a

23  form entitled Physician's Statement.  Tr. 357-58.  In the form, Mr. Ebel provided

24  five dates from 2008-2011 that Plaintiff refilled his inhaler prescription.  Tr. 357.

25  He also stated that Plaintiff's asthma was mild to moderate depending upon the

26  season and he indicated Plaintiff should avoid exposure to fumes, cleaners,

27  detergents, gases, dust, and extreme temperatures.  Tr. 357.

28  An ALJ must give  reasons germane to "other source" testimony before

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 12

discounting it. *Dodrill v. Shalala,* 12 F.3d 915 (9th Cir. 1993). While "other source" opinions are considered in establishing the severity of an impairment and how it affects the ability to work, such a source may not establish the existence of a medical impairment. See 20 C.F.R. §§ 404.1513, 416.913. Moreover, an ALJ may discredit medical opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings. *Batson*, 359 F.3d at 1195. Contrary to the Plaintiff's assertions, the ALJ provided reasons for rejecting Mr. Ebel's opinion. Tr. 17. The ALJ noted that Mr. Ebel, a physician's assistant, is not an acceptable medical source, the form lacked objective findings, and his opinions were inconsistent with the overall record. Tr. 17. All three of the ALJ's reasons constitute germane reasons that are supported by the record. Thus, the Plaintiff's arguments that the ALJ erred in weighing these medical opinions fails.

## C.    Step Four

The Plaintiff argues that the ALJ failed to conduct a proper Step Four assessment. ECF No. 14 at 16-20. At step four, the ALJ makes RFC findings and determines if Plaintiff can perform past relevant work. Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. SSR 82-62. This is done by examining the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920 (a)(4)(iv).

An RFC is an "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis," i.e., for eight hours a day for five days a week, or an equivalent work week. SSR 96-8p. Past relevant work is work performed in the last 15 years, lasted long enough to learn it and was substantial gainful employment. SSR 82-61.

First, Plaintiff contends that the ALJ failed to include all of the Plaintiff's limitations in his RFC. Specifically, Plaintiff argues that the ALJ erred by failing

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 13

to incorporate limitations related to Plaintiff's asthma and postural and reaching limitations. ECF No. 14 at 17-18. Simply reasserting Plaintiff's argument that the RFC was deficient because it did not reflect all his functional limitations, fails to establish error at step four. See *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). As addressed previously, the ALJ's reasons for rejecting the single medical record from physician assistant Bob Ebel were germane and supported by the record, and as a result, the ALJ did not err by failing to include in Plaintiff's RFC limitations related to asthma. Similarly, the slight differences in the medical opinions related to Plaintiff's limitations in his ability to sit, stand and walk were previously addressed, and it was concluded that the ALJ did not err in crafting the RFC.

Second, Plaintiff argues that the testifying medical expert opined "that even lifting at shoulder level could be problematic." ECF No. 14 at 18. However, the record does not support Plaintiff's recitation of the facts. Dr. Hutson clarified his answer to indicate Plaintiff should not lift above shoulder level:

> A.    I would have no problem saying that he should do no lifting with the elbow above shoulder level, and that he could work with his elbows in close to his body without difficulty.
>
> Q.    All right. But even lifting at shoulder level may be problematic, as well, wouldn't you agree?
>
> A.    Yes.
>
> Q.    All right.
>
> A.    He should – well, sure. But specifically, not to lift anything with the elbow above shoulder level, would be may main limitation.

Tr. 42. Based on these facts, the ALJ's conclusion that Plaintiff was restricted from reaching above his shoulder is supported by the record, and Plaintiff's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

argument fails.

Third, Plaintiff argues that the ALJ failed to identify the specific demands of Plaintiff's past relevant work and compare those with his specific limitations. ECF No. 14 at 18. At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work either as actually performed or as generally performed in the national economy. *Carmickle*, 533 F.3d at 1166. "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id*. at 845; SSR 82-62. "A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b). The vocational expert merely has to find that a claimant can or cannot continue his or her past relevant work as defined by the regulations. See *Villa v. Heckler*, 797 F.2d 794, 798 (1986) ("the claimant has the burden of proving an inability to return to his former type of work and not just to his former job.")

Plaintiff argues, in essence, that the vocational expert ("VE") was incorrect, and Plaintiff is unable to perform any of his past work. ECF No. 14 at 18-19. In this case, the vocational expert described Plaintiff's prior work history, identified each position including its exertional level and Specific Vocational Preparation ("SVP") rating. TR. 71. The ALJ provided the VE with a hypothetical worker matching Plaintiff's RFC, and the VE opined that Plaintiff could perform some, but not all of his previous jobs. Tr. 72-73.

Contrary to Plaintiff's contention, the ALJ did make specific findings of fact

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

regarding Plaintiff's past relevant work. The ALJ relied upon the vocational expert's testimony about the applicable DOT definitions and SVP ratings of Plaintiff's past work including security guard, potato processor, and cashier II.   Tr. 22.  The ALJ compared Plaintiff's RFC with the definitions from the DOT and concluded that Plaintiff is able to perform his previous work as it is generally performed.  Tr. 22.  The ALJ relied upon the vocational expert's testimony that a hypothetical individual with Plaintiff's RFC would be capable of performing Plaintiff's past work, except that he should not work as a cashier in a mini-mart. Tr. 22.   As such, the Court concludes that the ALJ provided specific findings of fact as to the physical and mental demands of Plaintiff's past relevant work and properly concluded he had the residual functional capacity to perform such work.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this order, provide copies to the parties, enter judgment in favor of defendant, and CLOSE this file.

DATED March 28, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16